# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DWAYNE ALMOND,**

        Plaintiff,

v.

**Case No. 14-cv-901-PP**
**Appeal No. 17-1218**

**WILLIAM POLLARD, et al.,**

        Defendants.

---

**ORDER DECLINING TO CERTIFY NOTICE OF APPEAL (DKT. NO. 116), DENYING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 122), DENYING PLAINTIFF'S MOTION FOR ANSWER OF HIS DOCUMENT #94, 95 AND 97 (DKT. NO. 100), DENYING PLAINTIFF'S MOTION FOR ORDER TO STOP RETALIATION (DKT. NO. 102), DENYING PLAINTIFF'S MOTION TO SUBMIT EVIDENCE FROM SECOND EXPERT PSYCHIATRIST (DKT. NO. 103), DENYING PLAINTIFF'S MOTION TO FILE MENTAL ILLNESS RECORDS (DKT. NO. 104), DENYING PLAINTIFF'S MOTION FOR EMERGENCY ANSWER TO SUMMARY JUDGMENT (DKT. NO. 106), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 106), DENYING PLAINTIFF'S MOTION FOR ANSWERING SERIOUS MOTIONS (DKT. NO. 107), DENYING PLAINTIFF'S MOTION FOR ORDER PLACING PLAINTIFF IN ONE OF TWO SPECIAL MANAGEMENT UNITS (DKT. NO. 108), DENYING PLAINTIFF'S MOTION FOR ANSWER TO MOTION TO SUMMARY JUDGMENT (DKT. NO. 110), DENYING PLAINTIFF'S MOTION FOR ANSWER TO SUMMARY JUDGMENT (DKT. NO. 111), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 113), DENYING PLAINTIFF'S MOTION FOR ANSWER TO MOTION FOR SUMMARY JUDGMENT (DKT. NO. 114), AND DENYING PLAINTIFF'S MOTION FOR ORDER TO QUESTION PREJUDICE TO PLAINTIFF'S MOTIONS (DKT. NO. 115)**

---

    The parties have filed cross-motions for summary judgment, which are fully briefed and ready for resolution. The court will issue a separate order

1

addressing those motions. After the parties had fully briefed the summary judgment motion, however, the plaintiff filed a number of motions. He also filed a notice of appeal, along with a motion for leave to proceed without prepayment of the appeal fee. The court will address all of these non-dispositive motions in this order.

I. **Notice of Appeal (Dkt. No. 116) and Motion to Proceed Without Prepayment of Appeal Fee (Dkt. No. 122)**

    A.    *January 27, 2017 Notice of Appeal*

On January 27, 2017, the plaintiff filed a "notice of appeal to certify an interlocutory appeal of the court's order of May 30, 2016."[1] Dkt. No. 116. He states that the court has shown prejudice to many of the serious motions he has filed, and he takes issue with the fact that the court hasn't issued an order on the summary judgment motions. Dkt. No. 116 at 1, 2.

The history leading to this motion is somewhat convoluted, mostly because the plaintiff appeals non-dispositive orders (orders that don't resolve the whole case) with some regularity. On February 24, 2016, the defendants filed a motion for summary judgment. Dkt. No. 73. Under the court's scheduling order, dkt. no. 59, the plaintiff's response to that motion was due within thirty days—that is, by March 25, 2016. The plaintiff, however, did not file a response to the motion within thirty days, or even within sixty days. Finally, on May 4, 2016, the court issued an order, telling the plaintiff that if

---

[1] The plaintiff's notice of appeal also requests appointment of counsel. However, this court does not have jurisdiction over the plaintiff's request for counsel on appeal. He would need to file that motion with the court of appeals. (The plaintiff also has filed two motions to appoint counsel in the district court case – Dkt. Nos. 106, 113 – and the court addresses those motions in this order.)

he did not file his response by May 27, 2016, the court could dismiss his case for failure to prosecute. Dkt. No. 89. The May 4 order did not dismiss the plaintiff's case; it warned him that if he didn't respond to the defendants' summary judgment motion, it *might* dismiss his case.

On May 16, 2016, the clerk's office received from the plaintiff a notice of appeal. Dkt. No. 90. The plaintiff had dated the notice April 25, 2016, <u>id.</u> at 10, and the first paragraph or so of the notice indicates that the plaintiff was appealing a March 2016 order dismissing the plaintiff's motion for summary judgment. <u>Id.</u> at 1-2. The court did not issue any orders in this case in March 2016. Nor had the court denied the plaintiff's motion for summary judgment. (He filed that motion prematurely in on February 9, 2015, dkt. no. 25; the court denied it without prejudice on April 29, 2015, dkt. no. 42, then reinstated it on December 18, 2015. The defendants filed their opposition brief to the motion on February 26, 2016. Dkt. No. 74. Given that, the clerk's office docketed the May 16, 2016 notice of appeal as an appeal from the court's May 4, 2016 order requiring the plaintiff to file a response to the defendants' motion for summary judgment by a date certain.

Eight days after it received the notice of appeal, the clerk's office received from the plaintiff a motion to proceed without prepayment of the filing fee. Dkt. No. 94. On May 31, 2016 (not May 30), the court denied that motion. Dkt. No. 97. In that order (which the plaintiff now seeks to appeal), the court reiterated that it had not dismissed the plaintiff's motion for summary judgment or his case—it had only given him a deadline by which to apply. Dkt.

3

No. 97 at 2. It noted that the plaintiff had filed his response by the deadline the court had ordered, and explained that once the defendants had filed their reply, the court would resolve both the defendants' motion and the plaintiff's motion. Id. The court continues to work on the order resolving the summary judgment motions, and will issue an order as soon as it is able to do so.

A party may take an interlocutory appeal (an appeal from an order that does not resolve the case) under 28 U.S.C. §1292(b) if the district court certifies that the otherwise unappealable order involves a (1) controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. §1292(b). There is no basis to certify an interlocutory appeal of the court's May 31, 2016 order. The order did nothing more than deny the plaintiff's motion to proceed with his appeal (of the court's order setting a deadline for him to respond to the defendants' summary judgment motion—a deadline he has met) without paying the filing fee. The appeal does not involve a controlling question of law, and will not materially advance the termination of this litigation.

  B. *February 13, 2017 Motion for Leave to Proceed Without Prepaying the Filing Fee*

Next, the court considers the plaintiff's motion to appeal *in forma pauperis*. Dkt. No. 122. Under the Prison Litigation Reform Act, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the

4

> grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). When determining whether a prisoner has acquired three "strikes" under §1915(g), the court must consider prisoner actions dismissed on any of the three enumerated grounds either before and after enactment of the Prison Litigation Reform Act. Evans v. Ill. Dep't of Corr., 150 F.3d 810, 811 (7th Cir. 1998).

The plaintiff has accumulated several "strikes": (1) Almond v. Wisconsin, et al., Case No. 06-C-447-C (W.D. Wis.); (2) Almond v. Wisconsin, Case No. 06-C-448-C (W.D. Wis.); (3) Almond v. Wisconsin, Case No. 06-C-449-C (W.D. Wis); and Almond v. Glinski, Case No. 14-CV-1336-pp (E.D. Wis.). The plaintiff states in his notice of appeal that he has submitted two expert psychiatrist statements (Dkt. Nos. 103, 104) showing that he has schizoaffective disorder and that he is under imminent danger of serious physical injury. Dkt. No. 116 at 2.

The first filing, Docket Number 103, is the "Plaintiff's Motion for Submitting Second Proved [sic] of 'Expert Psychiatrist' in Memphis, Tennessee, who Recognized that Almond Suffers from Serious Mental Health Issues and that Helped him get a Prescription for Haldol." Dkt. No. 103 at 1. He references an attached expert psychiatrist report that proves that he suffers from a chronic mental illness, Exhibit A. Exhibit A, however, does not state that the plaintiff suffers from a mental illness. See Dkt. No. 103-1.

5

The plaintiff's second filing, Docket Number 104, is his "Motion for Permission to Submit[] 'Evidences' of Mental Illness/Records, of: Case Management, Inc., Psychiatric Evaluation; Memphis, Tennessee ("P.A.T.H."), and also ("DOC") Psychiatrist – Drinka, Joseph, M.D., of MSDF." The plaintiff states that his attached exhibits show that two psychiatrists recognized that he suffers from serious mental health issues and that they helped him get a prescription for Haldol, Exhibits A-J. Dkt. No. 104 at 2. The plaintiff's exhibits include a "Psychiatric Report – Initial" of the plaintiff, conducted by Dr. Joseph Drinka on May 18, 2016, while the plaintiff was confined at the Milwaukee Secure Detention Facility (MSDF). Dkt No. 104-1 at 5-8. After what appears to have been an extensive examination, Dr. Drinka diagnosed the plaintiff with Schizoaffective disorder, ruled out malingering, found that the plaintiff had a cocaine use disorder that was in remission, and found that he had a cannabis use disorder that was in remission. Id. at 7. Despite Dr. Drinka's report and diagnoses, the plaintiff apparently believes that staff at MSDF are not adequately treating his serious mental health issues.

The plaintiff's filings do not establish that he is under imminent danger of serious physical injury for the purposes of his appeal sufficient to avoid a strike. He no longer was at MSDF when he filed his notice of appeal. (On January 3, 2017, the plaintiff notified the court that he had been transferred to the Wisconsin Resource Center.[2]) The court previously has determined that the

---

[2] The Wisconsin Resource Center is a secure treatment center managed by the Department of Health Services in partnership with the Department of

plaintiff wasn't under imminent danger of serious physical injury, dkt. no. 42 at 8-9, and his more recent filings do not change that determination. Therefore, because the plaintiff has three "strikes," and because the court continues to find that he is not under imminent danger of serious physical injury, the court will deny the plaintiff's motion for leave to proceed *in forma pauperis*.

The plaintiff incurred the filing fee by filing the notice of appeal. Newlin v. Helman, 123 F.3d 429, 433-34 (7th Cir. 1997), rev'd on other grounds by, Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000). The fact that this court is denying the request to proceed *in forma pauperis* on appeal means that the full filing fee of $505.00 is due within fourteen days of this order. Id.; 7th Cir. R. 3(b). Failure to pay in full within the time limits will result in a dismissal. Newlin, 123 F.3d at 434.

## II. Other Motions

### A. *Motion for Answer (Dkt. No. 100)*

On June 20, 2016, the plaintiff filed a motion for "answer" of the documents he filed at dkt. no. 94 (motion for leave to appeal without prepaying the filing fee) and dkt. no. 95 (his response to the defendants' motion for summary judgment). Dkt. No. 100. He disputes some of the defendants' statements in their summary judgment reply brief as they relate to whether he has schizophrenia. According to the plaintiff, he can prove that he's not faking his symptoms and that the court should grant his summary judgment motion. Id. at 4-5. The court will address the merits of the plaintiff's summary

---

Corrections. See https://www.dhs.wisconsin.gov/wrc/index.htm (last visited February 22, 2017).

judgment claim claim in its summary judgment order. The court will deny this motion.

B.  *Motion to Let Court Know of Retaliation (Dkt. No. 102)*

On June 23, 2016, the court received a document entitled "Plaintiff's Motion to Let Hon. Ms. Pamela Pepper, Know that the ("P.S.U.")—Psychological Staff's/and Ms. Heupel, from the 'Business Office, Has Started 'Retaliation' Against Almond." Dkt. No. 102. In this motion, the plaintiff asserts that a woman from the business office told him that she wasn't going to issue him any more legal supplies to litigate this case, despite his serious mental health issues. Id. at 2. He also indicates that "they" told him that he would not receive any more incoming mail from the district court. Id. He asks the court to issue an order to stop the Milwaukee Secure Detention Facility staff from retaliating against him. Id.

Since the court received this motion on June 23, 2016, it has received ten other motions from the plaintiff. It does not appear, therefore, that staff have hindered his ability to litigate this case. Moreover, he no longer is confined at MSDF; he now has moved to the Wisconsin Resource Center. Finally, there is no need for the plaintiff to file anything at this stage of the case, because the parties have fully briefed their motions for summary judgment and the next step is for the court to decide those motions. The court will deny the plaintiff's motion.

C.  *Motion to Submit Expert Psychiatrist Evidence (Dkt. No. 103)*

On June 27, 2016, the plaintiff filed a motion asking to "let the courts records show for the 'second time'" that he has submitted evidence from an expert psychiatrist in Memphis, Tennessee who recognized that he suffers from serious mental health issues. Dkt. No. 103. He directs the court to "Exhibit #A," which he attached to the motion. Id. Exhibit A, however, is a note from a Dr. Flegner stating that the plaintiff's records from a clinic in Memphis have been received and filed in his HSU file. Dkt. No. 103-1. The plaintiff did not submit any evidence. The court will deny this motion.

D.  *Motion to Submit Evidence of Mental Illness (Dkt. No. 104)*

On June 28, 2016, the plaintiff filed a motion for permission to submit evidence of mental illness/records of case management, psychiatric evaluation, and Dr. Drinka. Dkt. No. 104. According to the plaintiff, these filings show that two psychiatrists recognized that he suffers from serious mental health issues and that they helped him get a prescription for Haldol. Id. at 2. He asks that the court grant his summary judgment motion. Id. at 3. The records the plaintiff asks to admit, however, are dated in April and May of 2016—two to three years *after* the events he described in his complaint. Dkt. No. 104-1. The plaintiff has not explained how these records from 2016 pertain to his claim in this case where he challenges treatment from 2013 and 2014. As far as the court can tell, the documents are not relevant to his claims against the defendants. The court will deny this motion.

E. *Motion for Emergency Answer to Summary Judgment Motion and Request to Appoint Counsel (Dkt. No. 106)*

On August 22, 2016, the plaintiff filed a motion for emergency answer to summary judgment and motion to appoint counsel. Dkt. No. 106. He asks the court to rule on his summary judgment motion. Id. at 1-3. He also asks for appointment of counsel, indicating that he has not heard anything from the court. Id. at 3-4. The court has already indicated that it will issue an order ruling on the parties' cross-motions for summary judgment. The court will deny the plaintiff's motion for emergency answer to summary judgment. The court will deny without prejudice the plaintiff's motion to appoint counsel. If this case survives summary judgment, the plaintiff may refile his motion to appoint counsel.

F. *Motion for Answering Serious Motions and Evidence (Dkt. No. 107)*

On September 16, 2016, the plaintiff filed a motion for answering serious motions and evidence of expert psychiatrists. Dkt. No. 107. He again asks the court to rule on his summary judgment motion. Because the court will rule on the summary judgment motions as soon as it is able, the court will deny this motion.

G. *Motion for Showing that Plaintiff is Being Deprived of Place on Special Management Units at the Milwaukee Secure Detention Facility (Dkt. No. 108)*

On October 6, 2016, the plaintiff filed a motion for showing that the Psychological Service Unit of the Milwaukee Secure Detention Facility, Warden Malone and Rose Larson were personally depriving him of placement on one of their special management units. Dkt. No. 108. He states that staff at MSDF

rely on the Waupun Correctional Institution staff members' past lies that the plaintiff is faking his paranoid schizoaffective disorder. Id. at 5-6. The plaintiff's allegations regarding Waupun's "past lies" goes to the merits of the plaintiff's claim, which the court will address in its summary judgment order. And again, the plaintiff no longer is confined at MSDF, having informed the court on January 3, 2017 that he had been transferred to the Wisconsin Resource Center. The court will deny this motion.

      H.     *Motions for Answering Summary Judgment Motion (Dkt. Nos. 110, 111 and 114)*

On November 30, 2016, December 30, 2016 and January 19, 2017, the plaintiff filed motions asking for an "answer" to his motion for summary judgment. Dkt. No. 110, 111, 114. The motions ask the court to address the pending summary judgment motions and, specifically, to grant *his* motion. For the reasons stated above, the court will deny these motions.

      I.     *Motion to Appoint Counsel (Dkt. No. 113)*

On January 13, 2017, the plaintiff filed another motion to appoint counsel. Dkt. No. 113. For the reasons stated in section E above, the court will deny this motion without prejudice.

      J.     *Motion to "Question Prejudice" to Many Serious Motions (Dkt. No. 115)*

On January 25, 2017, the court received from the plaintiff a motion to question prejudice to plaintiff's many serious motions, psychiatric reports, and order of commitment for treatment (incompetency) by Judge Mark A. Sanders. Dkt. No. 115. The plaintiff asks the court to address his previously-filed

motions. According to the plaintiff, he is continuously eating feces and drinking urine, and is seeing auditory hallucinations of melting clown faces and space people, which causes him to have serious physical panic attacks. Dkt. No. 115 at 2. The court has addressed most of the plaintiff's motions in this order, and it will address the parties' cross-motions for summary judgment promptly in another order. With regard to the plaintiff's allegations that he is suffering from his illnesses, the court notes again that since December 29, 2016, the plaintiff has been confined at the Wisconsin Resource Center. See Dkt. No. 112. The WRC "is a secure treatment center" managed by the Department of Health Services and the Wisconsin Department of Corrections. https://www.dhs/wisconsin.gov/wrc/index.htm. WRC provides treatment to inmates "whose behavior presents a serious problem to themselves or others in the state prison system." Id. The court will deny this motion.

### III.   Conclusion

The court **DECLINES** to certify the plaintiff's notice of appeal. Dkt. No. 116.

The court **DENIES** the plaintiff's motion for leave to appeal without prepayment of the filing fee. Dkt. No. 122.

The court **ORDERS** that the plaintiff shall forward to the clerk of this court the sum of $505.00 as the full filing fee in this appeal within **fourteen days** of the date of this order. The plaintiff's failure to comply with this order will result in dismissal of this appeal. The plaintiff shall clearly identify the

payment by case name and number assigned to the appeal (Appeal No. 17-1218).

The court will send copies of this order to the Administrator of the Wisconsin Resource Center, and to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois, 60604.

The court **DENIES** the plaintiff's motion for answer of his document #94, 95 and 97. Dkt. No. 100.

The court **DENIES** the plaintiff's motion for order to stop retaliation. Dkt. No. 102.

The court **DENIES** the plaintiff's motion to submit evidence from second expert psychiatrist. Dkt. No. 103.

The court **DENIES** the plaintiff's motion to file mental illness records. Dkt. No. 104.

The court **DENIES** the plaintiff's motion for emergency answer to summary judgment. Dkt. No. 106.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No.106.

The court **DENIES** the plaintiff's motion for answering serious motions. Dkt. No. 107.

The court **DENIES** the plaintiff's motion for order placing plaintiff in one of two special management units. Dkt. No. 108.

The court **DENIES** the plaintiff's motion for answer to motion to summary judgment. Dkt. No. 110.

The court **DENIES** the plaintiff's motion for answer to summary judgment. Dkt. No. 111.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 113.

The court **DENIES** the plaintiff's motion for answer to motion for summary judgment. Dkt. No. 114.

The court **DENIES** the plaintiff's motion for order to question prejudice to plaintiff's motions. Dkt. No. 115.

Dated in Milwaukee, Wisconsin this 23rd day of February, 2017.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge